ESCANABA BOOM CO. *v.* TWO RIVERS MANUFACTURING
CO.

1. SETTLEMENT—CONSTRUCTION—RECOUPMENT.
    A written adjustment of accounts between a lumber company
    and a boom company, which leaves open, as "the sole ques-
    tion" for future determination, whether any price for the
    services of the boom company over and above the rate at
    which payment is made by the lumber company, up to the
    rate claimed by the boom company, is a "reasonable" price,
    the lumber company admitting its liability if the reasonable-
    ness of the demand shall be determined, precludes the latter
    company from afterwards asserting a claim of recoupment for
    damages occasioned by delay in the performance of the work.

2. RAFTING CHARGES—REASONABLENESS.
    The fact that delivery of logs by a boom company was de-
    layed until the fall storms had rendered transportation dan-
    gerous has no bearing upon the reasonableness of its charges,
    since the cost of its services could be no less in such season,
    and the reasonableness of a charge for labor, where no claim
    is made that it was not well done, depends simply upon the
    cost of the work and a reasonable profit.

Error to Delta; Stone, J.    Submitted October 19, 1898.
Decided November 1, 1898.

*Assumpsit* by the Escanaba Boom Company against
the Two Rivers Manufacturing Company for work and
labor.    From a judgment for plaintiff, defendant brings
error.    Affirmed.

Plaintiff is a corporation organized under 1 How. Stat.
chap. 114, and doing business on the Escanaba river.
Defendant is a corporation engaged in lumbering on the
same stream, from 1892 to 1896, inclusive.    Plaintiff fixed
a uniform price of 35 cents per thousand feet for booming,
assorting, rafting, and delivery of logs.    Defendant in-
sisted that 20 cents was a reasonable charge, and up to
1896 had paid only that amount, leaving the price un-
settled and their accounts undetermined.    On May 13,
1896, the parties entered into an agreement, reciting their
differences and the confusion in their accounts on account
of such differences, and adjusting them on the basis of
20 cents per thousand, and defendant paying upon that
basis.    The agreement also stated the amount due each
year on the basis of 35 cents, and provided that:

"The adjustment of said unpaid 15 cents per thousand
feet is left for future settlement between the parties, the
sole question between the parties, and to be determined,
being whether or not any charge above said 20 cents per
thousand feet for the work above specified is a reasonable
price; and should it be finally determined, either between
the parties, or by suit brought upon this contract by the
party of the first part before any court of competent juris-
diction, or by arbitration, as shall hereafter be agreed
upon between the parties, that any charge above 20 cents
per thousand is a reasonable price, then the party of the
second part agrees, upon demand, to pay said party of
the first part such excess over and above said 20 cents per
thousand, up to the amount of 35 cents per thousand feet.

"It is understood that failure of the party of the first
part to render accounts for said unpaid 15 cents per thou-
sand feet, and the giving of receipts in settlement of
accounts in which the price of said work as is hereinbefore

set forth is reckoned and allowed at the rate of 20 cents per thousand feet, shall not be considered as a waiver of the right of the party of the first part to demand and collect the excess over and above said 20 cents per thousand feet, up to the full amount of 35 cents per thousand feet, as claimed by the party of the first part, and to sue for the same upon the terms of this contract."

On November 28, 1896, another agreement was made, on account of an omission of the account for 1892. December 17, 1896, another agreement of settlement was made, reciting the first contract and being subject to it.

This suit was instituted in August, 1897, to recover the 15 cents per thousand. Defendant, with its plea of the general issue, gave notice of recoupment, on the ground that plaintiff should have delivered the logs before September 1st each year, because of the danger in towing logs over Lake Michigan after that time on account of rough weather. Defendant towed its logs in rafts to its mill at Two Rivers, Wis. Defendant claimed to have suffered damages on this account. The circuit court refused to admit any evidence of recoupment.

*George Gallup*, for appellant.

*F. D. Mead* (*R. C. Flannigan*, of counsel), for appellee.

GRANT, C. J. (*after stating the facts*). We think the ruling of the circuit judge was correct. The agreement settled all the differences between the parties except the price of the work, and left that as "the sole question" between them. The time for defendant to speak of any such claim was when the contract was made. If defendant desired to have its logs delivered earlier, it should have notified plaintiff.

It is suggested that testimony upon the subject of the recoupment was competent in determining the reasonableness of the charge. The cost of rafting, driving, and booming certainly could have been no less after September 1st than before. The reasonableness of the charge de-

pended upon the cost of the work and a reasonable profit. No claim is made that the work was not well done, but only that it was not done within the time it ought to have been done.

Judgment affirmed.

MONTGOMERY, HOOKER, and MOORE, JJ., concurred. LONG, J., did not sit.